UNITED STATES DISTRICT COURT
ESATERN DISTRICT OF LOUISIANA

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

        Plaintiff,

   v.

PARISHES SUPPORTIVE LIVING, INC. and
BELINDA VINING-TREPAGNIER

        Defendants.

Civil Action No. 22-4200

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants, Parishes Supportive Living, Inc. and Belinda Vining-Trepagnier from violating the provisions of Section 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq., hereinafter referred to as the Act, and to restrain defendants from withholding payment of overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1. Defendant Parishes Supportive Living, Inc. (**"Parishes"**) is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business at 16031 Deblin Square Road, Hammond, LA 70403, within the jurisdiction of this Court.

2. Defendant Brenda Vining-Trepagnier has a place of business and is doing business within the jurisdiction of this Court. Vining-Trepagnier is, and at all times hereinafter mentioned was, President of Parishes. She actively manages, supervises and directs the business affairs and operations of Parishes. Vining-Trepagnier acts and has acted, directly and indirectly, in the interest of Parishes in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendant Parishes has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. Sec. § 203(r), in that Parishes has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendant Parishes has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) since at least 2019.

V.

During the period since December 2, 2019, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by

employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by the defendants from their employees.

VII.

Defendants have willfully violated the Act. A judgment enjoining the alleged violations and restraining the withholding of overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

VIII.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Parishes Supportive Living, Inc. and Vining-Trepagnier as follows:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating Section 7 of the Act; and

2. For an Order pursuant to Section 16(c) of the Act finding defendants liable for unpaid overtime compensation due to Defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional overtime compensation and liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

3. For an Order pursuant to Section 17 enjoining and restraining defendants from withholding payment of unpaid overtime compensation found due defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

4. For an Order awarding plaintiff the costs of this action; and

5. For an Order granting such other and further relief as may be necessary and appropriate.

                                        Respectfully submitted,

                                        SEEMA NANDA
                                        Solicitor of Labor

                                        JOHN RAINWATER
                                        Regional Solicitor

<u>Address</u>:                                KARLA JACKSON EDWARDS
                                          Counsel for Wage and Hour

U. S. Department of Labor
Office of the Solicitor                   By:
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone (972) 850-3134          <u>/s/ Brian L. Hurt</u>
Facsimile (972) 850-3101            BRIAN L. HURT
                                              LACEE EAKINS

                                        Attorneys for Plaintiff